**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL STACY                                                    PLAINTIFF

V.                          CASE NO. 4:17-CV-574-BRW-BD

GARRY STEWART, et al.                                        DEFENDANTS

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.    Discussion

A.    Background

Plaintiff Michael Stacy filed this civil rights lawsuit on September 7, 2017, without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Stacy claims that the Defendants were deliberately indifferent to his serious medical needs while he was detained at the Faulkner County Detention Center ("Detention Center"). Specifically, he

complains that he received inadequate medical care for kidney stones.[1]  Defendants Stewart, Munyan, Ryals, and Andrews[2]  have moved for summary judgment. (#33) Mr. Stacy has responded to the motion (#38), and it is ripe for review.

B.    Standard

In a summary judgment, the court rules in favor of a party before trial. A moving party is entitled to summary judgment if the evidence shows that there is no genuine dispute about any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322B23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). On the other hand, if there is admissible evidence showing that critical facts are in dispute, the case cannot be decided without a trial. In reviewing a motion for summary judgment, the Court will view the facts in a light favorable to Mr. Stacy, unless that is, his version of the facts could not be believed by a reasonable juror. *O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915, 917 (8th Cir. 2007).

---

1 Mr. Stacy's complaint also mentions inadequate care for his shoulder, but that claim is raised in another pending case filed by Mr. Stacy. *Stacy v. Andrew*, 4:17cv93. The Court will assume that the reference to should pain in this case was included in the complaint by way of an example of inadequate care at the Detention Facility generally and not a separate claim in this lawsuit.

2 The Clerk is directed to correct the spelling of Defendant Gary Andrews's name on the docket sheet. His name is incorrectly spelled in the complaint as "Garry Andrew." (#12)

C.    The Facts

Mr. Stacy was arrested on October 4, 2016, and detained at the Detention Center

until November 7, 2017. (#35-1, p.1) In his complaint, Mr. Stacy claims that the

Defendants failed to provide him with adequate care for kidney stones. (#2) Mr. Stacy

has a history of kidney stones. (#35-2, p. 18 & 303)

On Monday, August 28, 2017, Mr. Stacy filed two separate grievances explaining

that he had passed a kidney stone over the weekend, was in considerable pain, and was

passing blood in his urine. (#35, p. 180-181) He asked to be taken to the emergency room

to get a CT scan and pain medication. (#35, p. 180-181) In the grievance, Mr. Stacy

explained that he could not wait until the doctor for the Detention Center arrived on

Thursday, August 31. (#35, p. 180-181)

Defendant Munyan responded that Mr. Stacy would be brought in for a urinalysis

before being seen by Defendant Stewart, the doctor who treats patients detained at the

Detention Center. (#35, p. 181) On that same day, Mr. Stacy was brought to the medical

clinic for a urinalysis. (#35-1, p. 1-2) The urinalysis showed some blood in Mr. Stacy's

urine and evidence of an infection. (#35-2, p.1) Defendant Stewart ordered Mr. Stacy be

given Tylenol. (#35-2, p.1)

After the urinalysis, Mr. Stacy filed a grievance on August 28, 2017, thanking the

staff for seeing him, but noting that he was in an extreme pain. (#35-1, p.182) Mr. Stacy

again requested that he be sent to the emergency room so that he could receive Flomax,

antibiotics, and Toradol for pain. (#35-1, p.182)

On August 31, 2017, Mr. Stacy grieved that he still has not been given any medicine for the pain after five days from the onset of his pain. (#35-1, p.185) He also complained that he had been refused antibiotics and Flomax. (#35-1, p.185) On that same day, August 31, 2017, Defendant Stewart saw Mr. Stacy for his kidney stones. (#35-2, p.1) Defendant Stewart ordered a repeat urinalysis to monitor for blood; he requested medical records from Mr. Stacy's urologist; and ordered a laboratory analysis to assess for anemia and renal dysfunction. (#35-2, p.2) Defendant Stewart noted that Mr. Stacy did not appear to be in any abdominal pain at the appointment. (#35-2, p.2 & 90) Defendant Stewart prescribed an antibiotic (amoxicillin) and Tylenol for pain. (#35-2, p.2)

On September 18, 2017, Mr. Stacy filed a grievance explaining that his right kidney was "killing" him and that he believed he was passing another kidney stone. He asked Defendant Andrews to send him to a doctor or hospital. (#35-3, p.2-3) Mr. Stacy filed another grievance on September 18, 2017, again stating that his right kidney was "killing" him and that he believed he was passing another kidney stone. (#35-1, p.3)

On September 20, 2017, Mr. Stacy filed a grievance complaining that he had requested medical help for three kidney stones since his detention, but had not received adequate care. (#35-1, p.192) Mr. Stacy filed another grievance on September 20, 2017, stating that he was no longer in pain and did not need to see the doctor. He complained

generally, however, that seeing the doctor did little good as evidenced by the fact that he had been at the Detention Facility for almost a year and the doctor had not helped him. (#35-1, p.190-191)

On September 28, 2017, Mr. Stacy saw Defendant Stewart for other medical issues and did not mention his kidney stones. (#35-2, p.2) On October 11, 2017, he had another urinalysis. (#35-2, p.2) On November 7, 2017, Mr. Stacy posted bond and was released from the Detention Center.

On November 8, 2017, Mr. Stacy went to the emergency room at Baptist Health Medical Center ("BHMC") in Conway where a urinalysis and a CT scan of Mr. Stacy's abdomen was performed. (#35-2, p.2) He was diagnosed with non-obstructive kidney stones and was referred to Dr. Robbie Hurtt (not a named Defendant) at Arkansas Urology, P.A. (#35-2, p.2)

D.     Deliberate-Indifference Claims

In order to state a claim for deliberate indifference to a medical need, Mr. Stacy must assert facts that, if true, show that jail officials knew of his serious medical need yet deliberately disregarded it.[3] *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

---

[3] Mr. Stacy's inadequate medical care claims are analyzed under the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, because he was a pretrial detainee (and not a convicted prisoner) while he was at the Detention Center. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit applies the same deliberate-indifference standard whether claims are technically brought under the Fourteenth or Eighth Amendment. *See Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

Deliberate indifference is a high standard. Negligence—even gross negligence—does not rise to the level of a constitutional violation. Likewise, disagreement with treatment decisions cannot support a deliberate-indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-1066 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Stated another way, Defendants can be held liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-1241 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). See also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on Eighth Amendment claim, inmate must show that defendants' mental state was akin to criminal recklessness).

1.    Defendant Ryals

Mr. Stacy has not alleged or provided any evidence to show that Defendant Ryals knew about his kidney stone complaints or that he had any personal involvement in Mr. Stacy's medical care. A prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, based on this record, Defendant Ryals is not liable for deliberate indifference to Mr. Stacy's medical needs, and claims against him should be dismissed.

6

2.      Defendant Andrews, Stewart, and Munyan

Defendants Andrews, Stewart, and Munyan were all aware that Mr. Stacy was complaining of pain from kidney stones. Dr. Stewart examined Mr. Stacy several times after he complained of pain from kidney stones. He ordered three urinalyses and prescribed Tylenol and antibiotics to treat Mr. Stacy's condition. (#35-2, p.2) In his affidavit submitted in support, Dr. Stewart testified that Mr. Stacy did not display any symptoms of abdominal pain at an August 21, 2017 appointment, a time when Mr. Stacy alleges he was in significant pain. (#35-2, p.2) Mr. Stacy did not dispute this testimony.

Defendant Stewart's decision to prescribe Tylenol and amoxicillin was a treatment choice. Mr. Stacy alleges that amoxicillin was the wrong antibiotic for infections related to kidney stones, but his opinion and disagreement cannot support a claim of deliberate indifference to a serious medical need. Likewise, Mr. Stacy clearly wanted pain medication stronger than Tylenol; but again, his disagreement falls far short of deliberate indifference. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997); *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010)(It is well settled that a prisoner's disagreement with a physician's prescribed course of treatment is insufficient to establish a deliberate indifference claim.) Mr. Stacy received constitutionally adequate medical care, as a matter of law. Defendants Stewart, Andrews, and Munyan are entitled to summary judgment on Mr. Stacy's deliberate-indifference claims in regard to his treatment for kidney stones while he was detained at the Detention Facility.

7

E.    Official Capacity Claims

Mr. Stacy's claims against the Defendants in their official capacity are, in effect, claims against Faulkner County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir.2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir.2009). Here, Mr. Stacy has not come forward with facts to show that Faulkner County had an unconstitutional policy or custom that caused him harm. And even if he had, Defendants did not violate any of Mr. Stacy's constitutional rights, so claims against the Defendants in their official capacities would fail in any event. Defendants are entitled to summary judgment on Mr. Stacy's official-capacity claims.

## III.    Conclusion

Defendants' motion for summary judgment (#33) should be GRANTED, and Mr. Stacy's claims against Defendants Ryals, Andrews, Stewart, and Munyan should be DISMISSED, with prejudice.

DATED this 27th day of June, 2018.

UNITED STATES MAGISTRATE JUDGE

8